Christina E. Ponig (*Pro Hac Vice Admitted*)
FLETCHER HELD, PLLC
808 Travis Street, Suite 1553
Houston, Texas 77002
713-255-0422 (phone) / 713-255-0419 (fax)
cmaccio@fletcherheld.com
-and-
William B. Thomas (No. 039456)
McDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2400
Houston, TX 77002
713-337-5580 (phone) / 713-337-8850 (fax)
william.thomas@mhllp.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| Jennifer Evancho,<br><br>Plaintiff,<br>vs.<br><br>City of Tucson, a municipal corporation; Pima County, a political subdivision of the State of Arizona; Jan Lesher, in her official capacity as Pima County Administrator; Steve Kozachik, in his official capacity as Director of Pima Animal Control Center; Does 1 through 10, in their individual and official capacities as Animal Control Officers, Supervisors, and employees of the City of Tucson and/or Pima County responsible for the seizure, detention, and threatened destruction of Sergeant Snuggles,<br><br>Defendants. | No. 4:26-cv-00363-RM<br><br>SUPPLEMENTAL DECLARATION OF JENNIFER EVANCHO IN SUPPORT OF APPLICATION FOR PRELIMINARY INJUNCTIVE RELIEF |

1. My name is Jennifer Evancho. I am the Plaintiff in the above-captioned action. I make this supplemental declaration in support of my Application for Preliminary Injunctive Relief (the "Application").

2. On June 18, 2026, I submitted a formal records request to Pima County for all records related to my dog, Snuggles, as follows:

> Veterinary records; exam notes; vaccination records; distemper/respiratory testing records; lab results; medication logs; treatment plans; kennel cards; feeding/water logs; cleaning/sanitation logs; urine/feces cleanup logs; exercise logs; enrichment logs; behavior notes; incident reports; bite/dangerous-dog records; legal-hold records; photos; videos; housing-

location records; transfer/movement records; euthanasia-review records; outbreak-exposure records; communications concerning Snuggles's care, health, testing, confinement, exercise, enrichment, behavior, or outcome classification; and PACC policies or procedures for legal-hold/dangerous-dog animals.

3. On August 24, 2026, I received records in response to my records request. On August 24, 2026, I also received records in response to my request for documents from the City of Tucson Attorney's Office. Those records were also transmitted to me by Pima County.

4. These records, or excerpts of them, are attached to my Supplement to my Application for Preliminary Injunctive Relief. They are:

a. Exhibit K is a true and correct copy of an excerpt of the Activity Report for Activity No. A25-375923-5, which Pima County created;

b. Exhibit L is a true and correct copy of the "Behavior Information" file that I received for Snuggles, printed August 24, 2026;

c. Exhibit M is a true and correct copy of the kennel card for Snuggles that I received;

d. Exhibit N is a true and correct copy of the vaccination record of Pegasus Veterinary Center included in the Pima County records that I received;

e. Exhibit O is a true and correct copy of the Pima Animal Care Center medical history for Snuggles that I received; and

f. Exhibit P is true and correct copy of the carbon copy of the Quarantine Transfer Agreement that Pima County animal control officers gave to me on October 7, 2025.

5. When Pima County animal control officers took Snuggles on October 7, 2025, they assured me and promised me repeatedly that it was only for a 10-day quarantine period for rabies and that I would get him back at the expiration of that 10-day period.

6. I have paid thousands of dollars in kennel fees for Snuggles' care while I appeal the destruction order in court. At no time has anyone from the City of Tucson Attorney's Office or Pima County informed me of the details recorded in his medical record. I only learned of those details through my own open records request, which I filed on or about June 18, 2026. I received documents from Pima County on or about August 24, 2026.

7. Indeed, when I was representing myself *pro se* in this matter, I asked Steve Kozachik for a wellness check, and he forwarded my email to Roni Byrne, who at the time worked for the City Attorney's Office. She responded that I could not ask for that information and needed to go through the courts.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 28, 2026, in Pima County, Arizona.

Jennifer Evancho