J.C. Patrascioiu
CURL, GLASSON & PATRASCIOIU, P.L.C.
485 S. Main Ave., Bldg. 1
Tucson, AZ 85701
(520) 884-7777
Fax (520) 620-0921
jcp@curllaw.com
PCC No. 65961, State Bar No. 24836
*Attorneys for Defendant City of Tucson*

IN THE UNITED STATES DISTRICT COURT

OF THE DISTRICT OF ARIZONA

| | |
|---|---|
| JENNIFER EVANCHO,<br><br>Plaintiff,<br>v.<br><br>CITY OF TUCSON, a municipal corporation; PIMA COUNTY, a political subdivision of the State of Arizona; JAN LESHER, in her official capacity as Pima County Administrator; STEVE KOZACHIK, in his official capacity as Director of Pima Animal Care Center; DOES 1 through 10, in their individual and official capacities as Animal Control Officers, Supervisors, and employees of the City of Tucson and/or Pima County responsible for the seizure, detention, and threatened destruction of Sergeant Snuggles,<br><br>Defendants. | CASE NO: 4:26-CV-00363-RM<br><br>**CITY OF TUCSON'S OBJECTION TO PLAINTIFF'S SUPPLEMENT AND TO NEW ARGUMENTS RAISED IN THE REPLY**<br><br>Hon. Rosemary Marquez |

Defendant City of Tucson ("COT") objects to Plaintiff's Supplement to Application for Preliminary Injunctive Relief (Doc. 12) and to the argument raised for the first time in Plaintiff's Reply in Support of Application for Preliminary Injunctive Relief

CURL, GLASSON & PATRASCIOIU, P.L.C.
485 S. Main Ave., Bldg. 1, Tucson, AZ 85701
(520) 884-7777 ❖ Fax (520) 620-0921
www.curllaw.com

and Motion for Expedited Consideration (Doc. 13), and requests that the Court decline to rely on either as a basis for granting preliminary injunctive relief without further briefing. In the alternative, COT requests leave to file a response addressing the Supplement, the Reply, and Plaintiff's First Amended Complaint (Doc. 14), and requests that the Court set an evidentiary hearing before ruling on the Application for Preliminary Injunctive Relief (the "API"). This Motion is more fully supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Procedural Background**

Plaintiff filed a verified Complaint (Doc. 1), accompanied by the Declaration of Jennifer Evancho (Doc. 1-2), asserting claims under 42 U.S.C. § 1983 premised on the theory that the destruction order entered in Tucson City Court violated her Fourth and Fourteenth Amendment rights. Plaintiff also filed the API and a Motion for Expedited Consideration (Doc. 4), which attached a proposed order setting an expedited briefing schedule. The Court has not entered any order establishing a briefing schedule on the API.

COT moved to dismiss the Complaint under Rules 8(a)(3), 8(d)(1), and 12(b)(6), or in the alternative to stay the action (Doc. 8), and, in Doc. 9, opposed the API and the Motion for Expedited Consideration, arguing among other things that Plaintiff had not shown imminent harm and that the relief sought was mandatory rather than prohibitory (the "Opposition"). Pima County separately moved to dismiss the Complaint and opposed the API.

On August 28, 2026, Plaintiff filed the Supplement (Doc. 12), attaching newly produced Pima County records (Exhibits K through P) and a Supplemental Declaration of Jennifer Evancho, and arguing that those records show ongoing harm to Plaintiff's dog (the "Dog") in custody. The Supplement itself is seven pages, and its accompanying exhibits and the Supplemental Declaration, excluding exhibit cover sheets, total twenty-two pages. The Supplement expressly acknowledged that the theory it addressed ***was not yet*** part of any complaint. Therein, Plaintiff asserted the Fourth Amendment seizure theory

CURL, GLASSON & PATRASCIOIU, P.L.C.
485 S. Main Ave., Bldg. 1, Tucson, AZ 85701
(520) 884-7777 Option 2 ❖ Fax (520) 620-0921
www.curllaw.com

discussed "will be pled in an amended complaint," and asking that the API be treated as directed to that amended complaint once filed. Doc. 12 at 2:20 and n. 1.

The same day, Plaintiff filed the Reply (Doc. 13), which argued, as an independent ground for likelihood of success on the API, that the October 7, 2025 "seizure" of the Dog was unconstitutional because officers "sought no warrant." Doc. 13 at 6:19-7:10. That theory did not appear in the Complaint, in the API, or in COT's Opposition, which necessarily could not respond to an argument first raised in Plaintiff's reply brief.

COT began preparing an objection to the Supplement and advised Plaintiff's counsel that it intended to move to strike, and that the API could not properly be tethered to an amended complaint that did not yet exist. COT proposed that Plaintiff file the amended complaint and that, if Plaintiff still wished to pursue the API, briefing begin anew once the amended complaint was on file. Plaintiff rejected that proposal. Plaintiff filed the First Amended Complaint (the "FAC") (Doc. 14) on September 1, 2026, before COT finalized or filed its objection.

The FAC is now the operative pleading. It pleads, for the first time as a standalone claim, the October 7, 2025 "warrantless seizure" and the detention following the October 17, 2025 release date Plaintiff had understood (FAC ¶¶ 93–100, Count I(A)); adds three individually named officer Defendants; and adds five claims not before the Court when COT filed its Opposition, including facial challenges to five provisions of the Tucson City Code (FAC Counts II through VI). The FAC states that the API "remains pending and is maintained on this Amended Complaint." FAC ¶ 179.

## II. Argument

### A. COT has not had a fair opportunity to respond to the FAC.

COT's Opposition (Doc. 9) was filed, and briefing on the API closed, before the warrantless-seizure theory existed in any operative pleading and before the FAC was filed. Plaintiff's Supplement conceded that the theory addressed in the Reply was not yet pled. Doc. 12 at 2:24-28. Notwithstanding that concession, the Reply argued the merits of the theory as an independent basis for the Court to find a likelihood of success on the API.

CURL, GLASSON & PATRASCIOIU, P.L.C.
485 S. Main Ave., Bldg. 1, Tucson, AZ 85701
(520) 884-7777 Option 2 ❖ Fax (520) 620-0921
www.curllaw.com

Doc. 13 at 6:19–7:2. COT has had no opportunity to oppose the API on that ground.

The FAC has since pled the theory, but it has also added three individual Defendants and five new claims, including facial challenges to municipal ordinances, none of which COT's Opposition addressed because none existed when COT filed it. A district court has inherent authority to manage its docket and to ensure that a party opposing emergency relief has had a full and fair opportunity to respond before the Court rules. See, e.g., *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (arguments raised for the first time in a reply brief are properly disregarded because the opposing party has no opportunity to respond). That principle applies with greater force here, where the new theory was raised before it was even pled, and where the operative pleading itself has since been altered to add new claims and new parties.

COT accordingly requests that the Court decline to consider the warrantless-seizure theory, the Supplement, or the FAC's new claims as a basis for granting the API without further briefing directed to the FAC as the operative complaint.

**B. In the alternative, COT requests leave to respond and an evidentiary hearing.**

If the Court is not inclined to withhold consideration of the Supplement and the new arguments pending further briefing, COT requests leave to file a response addressing them and the FAC, and requests that the Court set an evidentiary hearing before ruling on the API.

Plaintiff bears the burden of establishing each element required for preliminary injunctive relief, including a likelihood of irreparable harm. *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Reply frames the API as turning on which party's account of the Dog's condition the Court should credit, arguing that COT's failure to submit a competing declaration leaves the record with only Plaintiff's evidence. Doc. 13 at 2:16-23. COT disputes that the excerpted medical and behavioral records Plaintiff has selected support the inference Plaintiff draws from them. Where resolution of a preliminary injunction motion turns on competing characterizations of a factual record, an evidentiary hearing, at which both sides may present evidence and COT may test

CURL, GLASSON & PATRASCIOIU, P.L.C.
485 S. Main Ave., Bldg. 1, Tucson, AZ 85701
(520) 884-7777 Option 2 ❖ Fax (520) 620-0921
www.curllaw.com

Plaintiff's characterization of Pima County's records, is the appropriate mechanism, rather than resolving the dispute on the papers alone.

**C. Knowledge of Pima County's records should not be imputed to COT.**

Plaintiff has taken the position that COT should be charged with knowledge of the contents of records Pima County produced to Plaintiff. COT and Pima County are separate governmental entities, separately represented in this action. Pima County alone operates the Pima Animal Care Center and generated the medical, kennel, and behavioral records at issue, which Plaintiff claims she did not receive until August 24, 2026, through a public-records request directed to Pima County. COT has consistently maintained, including in its own Motion to Dismiss, that responsibility for the Dog's day-to-day custody, care, and billing rests with "Pima County and the PACC facility it operates." Doc. 8 at 11. Plaintiff cannot rely on that division of custodial responsibility to establish Pima County's liability while simultaneously asking the Court to impute Pima County's custodial records to COT.

**D. Further briefing should proceed against the FAC as the operative pleading.**

The FAC is now the operative complaint, and Plaintiff has represented that the API "remains pending and is maintained on this Amended Complaint." FAC ¶ 179. COT is entitled to address whether and how the API applies to the FAC's substantially expanded claims, including the new individual officer Defendants added and the facial challenges to Tucson City Code §§ 4-7(1), 4-11(f)(3), 4-11(k), 4-12(a), and 4-12(d) (FAC Counts IV–VI), none of which COT's Opposition addressed.

**III. <u>Conclusion</u>**

For the foregoing reasons, COT requests that the Court decline to rely on the Supplement or on the warrantless-seizure theory first raised in the Reply as a basis for granting the API without further briefing directed to the FAC as the operative complaint. In the alternative, COT requests leave to respond to the Supplement, the Reply, and the FAC, and requests that the Court set an evidentiary hearing before ruling on the API.

CURL, GLASSON & PATRASCIOIU, P.L.C.
485 S. Main Ave., Bldg. 1, Tucson, AZ 85701
(520) 884-7777 Option 2 ❖ Fax (520) 620-0921
www.curllaw.com

DATED: September 8, 2026

CURL, GLASSON & PATRASCIOIU, P.L.C.

By: /s/ *J.C. Patrascioiu*
J.C. Patrascioiu
*Attorneys for Defendant City of Tucson*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

William B. Thomas
McDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2400
Houston, TX 77002
william.thomas@mhllp.com
*Attorneys for Plaintiff*

Christina E. Ponig
FLETCHER HELD, PLLC
808 Travis Street, Suite 1553
Houston, Texas 77002
cmaccio@fletcherheld.com
*Attorneys for Plaintiff*

Tyler Campman
Rebecca K. O'Brien
PIMA COUNTY ATTORNEY
CIVIL DIVISION
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Tyler.Campman@pcao.pima.gov
Rebecca.OBrien@pcao.pima.gov
*Attorneys for Pima County Defendants*

/s/ *SJP*

CURL, GLASSON & PATRASCIOIU, P.L.C.
485 S. Main Ave., Bldg. 1, Tucson, AZ 85701
(520) 884-7777 Option 2 ❖ Fax (520) 620-0921
www.curllaw.com