# EXHIBIT 2

FILED
JAMES W. GIACOMINO
CLERK, SUPERIOR COURT
3/26/2026 4:59:58 PM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. KYLE BRYSON CASE NO. C20258606

DATE: March 26, 2026

JENNIFER EVANCHO
Plaintiff,

vs.

TUCSON CITY COURT and
MAGISTRATE SARAH MAYHEW
Defendants

**UNDER ADVISEMENT RULING**

**IN CHAMBERS SPECIAL ACTION RULING**

At issue in this ruling is Petitioner Janet Evancho's Petition for Special Action. The Court has considered the parties' briefs and arguments, and has reviewed the record, and, based thereupon, rules as follows.

*Introduction*

The Court need not engage in a recitation of the factual background of this case. The issue before this Court is procedural: Whether Tucson City Court Magistrate Sarah Mayhew abused her discretion when she found the subject dog here, Sergeant Snuggles, to be a vicious or destructive animal, pursuant to the Tucson City Code, has a propensity to destroy or cause damage, and is an animal that bites, attempts to bite, or otherwise causes injury to human beings. Evancho asserts Magistrate Mayhew's initial ruling was deficient in that it did not include findings and conclusions, in violation of the Tucson City Code, and therefore must be vacated.

Martha Lemen
Judicial Administrative Assistant

*Standard of Review*

In a Special Action, the Superior Court's standard of review is for an abuse of discretion. This deferential standard applies both to the court's initial decision to accept or decline jurisdiction, as well as to its review of the merits of the claim. *Carrington v. Arizona Corp. Com'n.,* 199 Ariz. 303 (App. Div. 1 2000). There, the core issue was the superior court's denial of requested special action relief, related to the issuance of subpoenas by state agencies. In affirming the superior court's denial of special action relief, the court of appeals said "(w)e will uphold a denial of special action relief if our review reveals any valid reason for so doing." *Carrington,* at 305. Similarly, here, this Court's review of the lower court's decision in this special action will include a review of the lower court's decision, and, unless the lower court acted arbitrarily, this court must affirm the decision. At oral argument, counsel concurred this Court's standard of review is an abuse of discretion standard.

*Procedural background*

The Hon. Sarah Mayhew conducted an Order to Show Cause (OSC) hearing on November 24, 2025, the subject of which was Ms. Evancho's dog Sergeant Snuggles, and whether the dog should be forfeited to the state for humane destruction. At close of hearing, Magistrate Mayhew ruled for the state, finding in writing "that the animal is a vicious animal pursuant to Tucson City Code 4-7 . . .." Magistrate Mayhew ordered "that the animal be forfeited to the State for humane destruction pursuant to Tucson City Code 4/13." Ruling, November 24, 2025.

Evancho filed a motion to extend the time to appeal and for clarification of the trial court's minute entry on December 8, 2025. The State responded, and it agreed the hearing minute entry should be clarified. The ruling cited the incorrect city code, which was not discussed during the hearing, and

did not include the trial court's distress and vicious animal findings, it said. Magistrate Mayhew issued a Minute Entry & Order on December 11, 2025. In doing so, in pertinent part, she ruled:

> At the order to show cause hearing held on November 24, 2025, following testimony, this Court made the following findings of fact and conclusions of law on the record:
>
> 1. Sergeant Snuggles falls within the category of a vicious or destructive animal pursuant to Tucson City Code § 4-7.
> 2. He has the propensity to destroy or cause damage.
> 3. He is an animal that bites, attempts to bite, or otherwise causes injury to human beings.
> 4. He was in a highly distressed situation.
> 5. The confluence of the tie-out with other dogs barking and coming on to the property, and his partner's heat, caused significant distress.
> 6. The defense expert was not able to give any guarantee about the ability to modify the behavior of the dog.
> 7. The victim was traumatized and had continuing and reasonable fears of returning to her daughter's home and for her grandchildren's safety should the dog be returned to the home.
> 8. Sergeant Snuggles is ordered to be surrendered to ACC for humane destruction.

*Minute Entry & Order*, December 11, 2025.

In that Minute Entry, Magistrate Mayhew clarified the special action procedure and confirmed she had earlier referred to the incorrect Tucson City Code. She ordered that the Minute Entry entered that date replace the November 24, 2025 Minute Entry, and any appeal must be perfected by way of special action in superior court within 10 days of the date of issuance of that December 11, 2025 ruling.

On December 10, 2025, prior to the issuance of the clarifying minute entry, Petitioner filed the instant Special Action. This Court agreed to accept special action jurisdiction in an in-chambers order dated December 19, 2025.

Martha Lemen
Judicial Administrative Assistant

*Analysis*

Evancho contends the trial court imposed upon her an impossible standard when issuing its ruling, namely that her expert could not guarantee Sergeant Snuggles' behavior could be modified. Evancho argues this standard is not only impossible to attain, but is contained nowhere in the code, and as such, constitutes error. However, that argument does not address the fact the Court articulated all its findings in the record, not just this one. While the Court agrees this finding or conclusion presents an insurmountable obstacle, it cannot agree that it was the ultimate finding which led the Court to its ruling, or that it should be singled out, while discarding the other findings.

Evancho next argues that the Court's other findings were insufficient, in that they were merely recitations of the code. The Court cannot agree. The Court is required to make findings as to the ultimate facts, rather than the evidentiary facts upon which ultimate facts are based. *Ruben M. v. Arizona Dept. of Economic Sec*., 230 Ariz. 236 (2012). The court's findings must include the ultimate facts, but not a list of each and every fact the court relied upon in making its findings. *Logan B. v. Department of Child Safety*, 244 Ariz. 532 (2018). The emphasis is on the court articulating its ultimate factual conclusions, then, and not cataloging the evidentiary support for each finding. The trial court's findings are therefore sufficient. They are supported by the record.

Evancho also argues she and her expert, Vanya Moreno, should have been allowed to see Sgt. Snuggles while he was being held at the Pima County Animal Care Center (PACC) for evaluation. She asserts she and Ms. Moreno were wrongly denied access, and she posits PACC's declination to provide access prevented her from presenting expert testimony at time of hearing. Evancho argues "(h)ad Ms. Moreno been able to evaluate Sgt. Snuggles she would have been able to provide a definitive answer to

Martha Lemen
Judicial Administrative Assistant

the question of his (Sgt. Snuggles') future behavior." *Petition for Special Action*, p. 5, ls. 19-20. The State contends that Evancho and Moreno went to PACC to attempt to gain release of Sgt. Snuggles so rehabilitative training could be instituted, and not to develop expert witness testimony. The State further argues that Evancho provided no disclosure, or request prior to the OSC that PACC produce Sgt. Snuggles for examination and evaluation. The State argues that PACC has sound policy reasons for not allowing contact or release pending hearing, and that Petitioner has not shown she suffered prejudice by the sequestration of Sgt. Snuggles. The Court can find nothing in the record contains a motion – pretrial or during trial – wherein the Court was asked to order an evaluation of Sgt. Snuggles be allowed to take place. This Court cannot find the trial court erred on this issue, or, for that matter, whether the trial court was called upon to address it.

*Conclusion*

Based upon the above and foregoing, this Court cannot find the trial court abused its discretion in issuing its ruling in this case. The Court's findings were adequate, met the requirements of the code, and were supported by the evidence in the record. Accordingly, the Evancho's Petition for Special Action is DENIED.

Pursuant to Arizona Rules of Procedure for Special Actions (RPSA) 18(c), this decision is effective immediately.

/s/
HON. KYLE BRYSON
(ID: 29a48059-26fa-4bc6-aba2-7473cc44cc59)

*(Distribution only on p. 6)*

Martha Lemen
Judicial Administrative Assistant

cc: Hon. Kyle Bryson
Janet L Altschuler, Esq.
Mari L. Worman, Esq.
Clerk of Court - Under Advisement Clerk

Martha Lemen
Judicial Administrative Assistant