Christina E. Ponig (*Admitted Pro Hac Vice*)
FLETCHER HELD, PLLC
808 Travis Street, Suite 1553
Houston, Texas 77002
713-255-0422 (phone) / 713-255-0419 (fax)
cmaccio@fletcherheld.com
-and-
William B. Thomas (State Bar No. 039456)
McDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2400
Houston, TX 77002
713-337-5580 (phone) / 713-337-8850 (fax)
william.thomas@mhllp.com

Attorneys for Plaintiff Jennifer Evancho

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| Jennifer Evancho,<br><br>Plaintiff,<br>vs.<br><br>City of Tucson, a municipal corporation; Pima County, a political subdivision of the State of Arizona; Jan Lesher, in her official capacity as Pima County Administrator; Steve Kozachik, in his official capacity as Director of Pima Animal Care Center; Officer Mills, Badge No. 3424, in her individual capacity; Officer Estrella, Badge No. 3298, in his individual capacity; Officer J. Jacobus, Badge No. 3369, in his individual capacity, Does 1 through 10, in their individual and official capacities as Animal Control Officers, Supervisors, and employees of the City of Tucson and/or Pima County responsible for the seizure, detention, and threatened destruction of Sergeant Snuggles.,<br><br>Defendants. | No. 4:26-cv-00363-RM<br><br>PLAINTIFF'S RESPONSE TO OBJECTION OF CITY OF TUCSON (DKT. 17) |

Plaintiff Jennifer Evancho responds to the City of Tucson's Objection to Plaintiff's Supplement and to New Arguments Raised in the Reply (Dkt. 17). The Court should overrule the Objection and decide the Application for Preliminary Injunctive

Relief (Dkt. 4) on the papers already filed, after a prompt hearing if the Court would find one useful.

# I. INTRODUCTION

Document 17 asks the Court to set aside a supplement consisting of the custodian's own records, set aside a reply argument that answered the City's own opposition, and open a new round of preliminary-injunction briefing because Plaintiff filed a First Amended Complaint as of right. The City had an opportunity to oppose the Application. It filed Document 9, which contains no declaration, no affidavit, and no exhibit. The City acknowledges that briefing on the Application closed with that filing. Dkt. 17 at 3. The Application is submitted.

# II. ARGUMENT

## A. The Application is submitted.

Plaintiff filed the Application with the original complaint. Dkt. 4. The City opposed. Dkt. 9. The County opposed by joining the City and incorporating its motion to dismiss. Dkt. 11. On August 28, 2026, Plaintiff filed the Supplement, consisting principally of the County's medical, kennel, and behavioral records, Dkt. 12, and replied to the City's opposition, Dkt. 13. On September 1, Plaintiff replied to the County's response, Dkt. 13, and filed the First Amended Complaint as of right, which states that the Application "remains pending and is maintained on this Amended Complaint." Dkt. 14 ¶ 179. Those are the papers. The City agrees: its opposition "was filed, and briefing on the API closed," before Plaintiff filed the First Amended Complaint. Dkt. 17 at 3.

An amended complaint supersedes the original as the operative pleading. It does not vacate a Rule 65 application already on file, and it does not entitle the opposing party to a new *Winter* cycle as of right. The Application is a separate motion, Dkt. 4, and it seeks relief on claims the original complaint already pleaded, principally the Fourth Amendment seizure claim now stated as Count I. Plaintiff does not seek preliminary relief against the individual officers added by the First Amended Complaint. The City's request that "[f]urther briefing should proceed against the FAC," Dkt. 17 at 5., is a request to

rewrite Document 9 after the close of briefing.

The City invokes *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007), for the rule that a district court need not consider arguments raised for the first time in a reply. The rule is discretionary, and it protects a party that had no opportunity to answer a new argument. It does not reach a reply that answers the opposition, which is what Plaintiff's Reply did.

**B. The Supplement is evidence, not a new motion.**

Plaintiff's Supplement contains, among other things, Pima County's medical, kennel, and behavioral chart for Snuggles. Dkt. 12. The County produced the records on August 24, 2026—one day before the County moved to dismiss—in response to Plaintiff's public-records request. The County produced these records after the Application was on file and after the City had filed its opposition. Plaintiff filed those records promptly after receiving them, with a request for leave to the extent leave was required. *Id.* The County, which created the records and holds Snuggles, has not objected to them. At the preliminary-injunction stage, the Court may consider evidence that would not be admissible at trial. *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). The facts within Plaintiff's personal knowledge, including the October 7, 2025 Quarantine Transport Agreement and the circumstances of the handover, are also pleaded in the First Amended Complaint, which Plaintiff verified by declaration. Dkt. 14-2. A verified complaint may be treated as an affidavit to the extent it is based on personal knowledge. *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995); *see* Dkt. 13 at 2. Thus, declining to consider the Supplement would not remove these facts from the preliminary-injunction record; Plaintiff has included them with her verified first amended complaint.

**C. The Fourth Amendment argument is not a new theory.**

The Fourth Amendment claim has been in this case from the first day. The original complaint alleged that "Defendants seized Snuggles on October 7, 2025," that "[t]he continued detention is a separate, ongoing seizure that Defendants must justify anew each

day," and that "Defendants' seizure and continued detention were and are unreasonable." Dkt. 1 ¶¶ 87–88. The Application sought relief to end Defendants' ongoing seizure and detention of Snuggles. Dkt. 4 at 1, 4–6. "A seizure conducted without a warrant is *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions." *Brewster v. Beck*, 859 F.3d 1194, 1196 (9th Cir. 2017) (internal quotation marks and citation omitted). As the Ninth Circuit has recognized:

> The Fourth Amendment doesn't become irrelevant once an initial seizure has run its course. ... A seizure is justified under the Fourth Amendment only to the extent that the government's justification holds force. Thereafter, the government must cease the seizure or secure a new justification. Appellees have provided no justification here.

*Id.* at 1197 (citations omitted). Plaintiff's Application was premised, in part, on her Fourth Amendment claim. Dkt. 4. The City's opposition then put the reasonableness of the seizure squarely in issue, invoking the rule that "[a] seizure of an animal must be reasonable, evaluated on an individualized, evidence-based basis," and asserting that the continued detention met it. Dkt. 9 at 8. The Reply answered that argument: the October 7 taking was made under a Code provision that authorizes impoundment only of an animal "in plain view, or pursuant to a valid search warrant," and no warrant was sought. Dkt. 13 at 6–7. The records the County produced on August 24—its own form and activity report—document that warrantless taking. The Supplement said the warrantless taking "will be pled in an amended complaint." Dkt. 12 at 2 & n.1. It was, as a separately stated count. Dkt. 14 ¶¶ 93–107. Stating one part of an existing claim as its own count does not make the argument new; the seizure, its reasonableness, and its continuation were all pleaded in Document 1.

The City recasts that argument as a "warrantless-seizure theory" first born in the reply. Dkt. 17 at 3–4. The City is wrong. Plaintiff asks the Court to apply *Brewster* to a warrantless taking carried out under Tucson City Code § 4-10, and to a detention that, on the County's own records, has outlasted the quarantine period the County itself set, and

that the City's code and court process have prolonged. *Zamani* does not require the Court to disregard that record.

Count I of the First Amended Complaint states that taking and that detention as independent claims. Dkt. 14 ¶¶ 93–107; *see also* Dkt. 1 ¶¶ 85–95. The October 7 warrantless-taking argument, the Supplement, and Count I all belong in the preliminary-injunction record.

**D. The City had an opportunity to put on evidence. It is not entitled to a new briefing cycle.**

Document 9 attached no declaration, no affidavit, and no exhibit. The Reply said so. Dkt. 13 at 2. Document 17 now disputes "the inference Plaintiff draws" from the County records and asks for leave to respond and for an evidentiary hearing so the City may "test Plaintiff's characterization of Pima County's records." Dkt. 17 at 4–5. A party that had a full opportunity to submit written evidence in opposition to a preliminary injunction is not entitled to a further round of briefing to supply what it chose to omit. *See Kenneally v. Lungren*, 967 F.2d 329, 334-35 (9th Cir. 1992) (no abuse of discretion in deciding a preliminary-injunction motion without live testimony where the parties had a full opportunity to submit written evidence and argument).

The City is entitled to be heard, and it was heard in Document 9. Plaintiff certainly does not oppose a hearing on the Application if the Court would find one useful, and asks that any hearing be set at the Court's earliest availability. What Plaintiff opposes is a new round of briefing, which would supply an evidentiary record that the City chose not to submit and would add weeks to a detention now in its twelfth month. If the Court is inclined to permit the City to respond to the Supplement, Plaintiff asks that the response be due within seven days and be confined to the Supplement and Count I, with any reply by Plaintiff due three days later.

**E. The records bear on irreparable harm regardless of which Defendant created them.**

The City argues that Pima County's knowledge of its own records should not be

imputed to the City. Dkt. 17 at 5. The Application does not depend on imputation. The records are offered for what they show about Snuggles' condition in custody, which bears on irreparable harm and the balance of equities as to every Defendant. Indeed, the City told this Court that the animal "remains safely housed." Dkt. 9 at 10. The custodian's contemporaneous file is the best available evidence of whether that is so, and the City identifies nothing in it that is inaccurate. The only sworn account of this animal's condition is Plaintiff's. The only contemporaneous kennel file is the County's.

Plaintiff respectfully asks this Court to overrule the City's Objection (Dkt. 17), consider Documents 12, 13, and 14 in deciding the Application, and rule on the Application as submitted, after a hearing should the Court so prefer. If the Court permits the City a further response, Plaintiff asks that it be limited as described in Part II.D.

DATED this 22nd day of September 2026.

/s/ Christina E. Ponig
Christina E. Ponig *(Admitted Pro Hac Vice)*
FLETCHER HELD, PLLC
William B. Thomas
McDOWELL HETHERINGTON LLP
*Attorneys for Jennifer Evancho*

**CERTIFICATE OF SERVICE**

I certify that, on September 22, 2026, this Response was served on counsel of record through the Court's electronic filing service.

/s/ Christina E. Ponig
Christina E. Ponig